OPINION. KeRN, Judge: In this case petitioner, a single corporate taxpayer, which had been engaged for some years in the business of selling food (including meat and liquors) at retail to the general public, decided to and did acquire the assets of a corporation engaged in selling food (principally meats) at retail to hotels, restaurants, institutions, and home freezers and to continue the business of that corporation. Acting through its president and controlling stockholder petitioner took this action for legitimate business purposes with no aim or idea of obtaining a tax “windfall” by taking, either directly or indirectly, any of those actions which are referred to in section 129,1.B.C. 1939. For some months petitioner carried on both branches of its retail food business, selling groceries (including meat and liquors) to the general public and selling food supplies (principally meat) to the hotels, restaurants, institutions, and home freezers, formerly serviced by the corporation engaged in the hotel supply business. After some months of the taxable year petitioner found that its operations with regard to the retail sale of foods and liquors to the general public continued to be unprofitable while its sales of meat to hotels, restaurants, etc., proved to be profitable. Accordingly, it disposed of its unprofitable line of the retail food business and continued the profitable line. Acting pursuant to the literal provisions of section 122, I.R.C. 1939, petitioner in its return for the taxable year deducted from its income, which was derived from its operation of the hotel supply business, the operating net loss carried over from the operation of its retail grocery and liquor business in prior years. Respondent has disallowed this deduction and contends in this proceeding that “petitioner is not entitled to the deduction because the income against which the losses are claimed as an offset was not produced by substantially the same business which incurred the losses,” citing as authority for this contention Libson Shops, Inc. v. Koehler, 353 U.S. 382, and Mill Ridge Coal Co. v. Patterson, 264 F. 2d 713. In our opinion this case is distinguishable from the two cases cited above in the following respects: (1) In the instant case “a single corporate taxpayer changed the character of its business” but did not change the essential nature of its business (see footnote 9 of Libson Shops, Inc. v. Koehler, supra, at 388), (2) there was here “a continuity of business enterprise,” with the same taxpayer by its own operations earning the income and sustaining the losses involved, (3) petitioner acquired the assets of Washington Beef for a bona fide business purpose and there was no aim or purpose motivating the transaction here to obtain a tax “windfall” or to accomplish indirectly what is prohibited by section 129, and (4) the income against which the offset is claimed was produced by substantially the same business which produced the losses since both the income and the losses resulted from the retail sales of food and provisions made by petitioner corporation even though the income was derived not from the retail sales of all types of food products and beverages to the general public, but from a more restricted and intensified specialization in that general business involving the sale of one principal type of food to a limited class of customers. We therefore conclude that under the provisions of section 122 and the established authorities of this Court petitioner is entitled to the deduction of the net operating loss carryover here involved. See Alprosa Watch Corporation, 11 T.C. 240; A. B. & Container Corporation, 14 T.C. 842; WAGE, Inc., 19 T.C. 249; Virginia Metal Products, Inc., 33 T.C. 788; cf. Thomas E. Snyder Sons Co., 34 T.C. 400. Decision will he entered for the petitioner.